Richard L. TAYLOR, Edward R. Cameron and T. C. Distributors, Inc., Appellees,

v.

FEDDERS CORPORATION, Lou Farece and Ted Preston, Appellants.

No. 80–1217.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Dec. 3, 1980.

James R. Dorsey, argued, William D. Hull, O'Connor & Hannan, Minneapolis, Minn., for appellants.

Dennis J. Holisak, Bloomington, Minn., Robert M. Frisbee, Minneapolis, Minn., argued, for appellees.

Before GIBSON, Senior Circuit Judge, HEANEY, Circuit Judge, and HANSON,* Senior District Judge.

PER CURIAM.

Fedders Corporation and two of its officers, Lou Farece and Ted Preston, appeal from a judgment of the district court [1] awarding damages of $412,300 to the plaintiffs, and from the court's order denying Fedders' motion for a judgment notwithstanding the verdict. We affirm.

---

* WILLIAM C. HANSON, United States Senior District Judge, for the Southern District of Iowa, sitting by designation.

1. The Honorable Earl R. Larson, United States District Judge for the District of Minnesota.

Plaintiffs Richard Taylor, Edward Cameron and T. C. Distributors, Inc., filed a diversity action against Fedders Corporation, Farece and Preston on July 30, 1975, alleging that the defendants made material misrepresentations to induce plaintiffs to enter into a distributorship agreement. The matter was tried to a jury which awarded T. C. Distributors, Inc., damages for its first–year operating loss in the amount of $176,000, and for the $233,000 in deficiency judgments that Fedders held against T. C. Distributors as a result of foreclosures on secured inventory held at the time the distributorship was terminated. The individual plaintiffs were awarded $7,300 in back pay that they had not been able to draw as a result of the operating loss T. C. Distributors experienced during the first year.

Fedders contends on appeal that there was insufficient evidence to show that the damages awarded the plaintiffs were proximately caused by any misrepresentations, and that the jury was erroneously instructed on the proximate cause issue. They also argue that the trial court erred in admitting certain testimony over the defendants' objections. Each of these issues was raised before Judge Larson on new trial and JNOV motions, and he denied each of the contentions in a well reasoned unpublished opinion. No. 4–75–365 (D.Minn., Feb. 20, 1980).

Finally, Fedders complains that the plaintiffs' fraud action was barred under doctrines of collateral estoppel, res judicata, waiver, and compulsory counterclaim because of the judgment previously obtained by Fedders in the deficiency suit. In particular, they argue that by allowing the plaintiffs damages for the deficiency judgment obtained against them, the trial court relitigated Fedders' right to that judgment. Judge Larson held that this claim, too, was without merit, since the deficiency action had involved only the narrow question of whether the foreclosure procedure pursued by Fedders in recovering the secured inventory was commercially reasonable. Importantly, Judge Larson noted that the plaintiffs had moved to consolidate their fraud claim with the deficiency action before the latter was tried. This motion was denied by the district court because the deficiency suit was to be tried to the court while a jury had been requested in the fraud action.

After carefully reviewing the briefs of the parties and the record made below, we conclude that the appellants' claims are without merit. We affirm on the basis of the district court's opinion.